UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

WILLIAM A. WHITE,

    Petitioner,

v.

CRYSTAL CARTER, *Warden*,

    Respondent.

Civil Action No. TDC-23-3360

**MEMORANDUM OPINION**

Self-represented Petitioner William A. White, a federal inmate currently confined at the Federal Correctional Institution–Cumberland ("FCI–Cumberland") in Cumberland, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, which is fully briefed. White has separately filed a Motion for Leave to Take Discovery, ECF No. 9, which is also fully briefed. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* Rules 1(b), 8(a), Rules Governing Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED WITHOUT PREJUDICE, and the Motion will be DENIED WITHOUT PREJUDICE.

**BACKGROUND**

On August 28, 2023, White was assigned to cell number 205 in Unit B-1 at FCI–Cumberland, which contained a window and was visible to and recorded by a surveillance camera. According to White, at around 11:10 a.m., when White returned to his cell after a shower, his cellmate entered the cell and began to strike White with a closed fist. White asserts that he did not strike his cellmate but instead put his hands up to protect himself. White contends that after the incident, he heard Lieutenant Durant tell Correctional Officer Gary Freeman that the video

recording did not show White strike or attempt to strike his cellmate. Nevertheless, Officer Freeman wrote an incident report stating that the recording shows White striking or attempting to strike his cellmate. According to the incident report, White and his cellmate swung closed fists at each other's head and torso area, after which White's cellmate left the cell with his shirt off but with no visible injuries. As White exited the cell, he was holding his face, appeared to be bloodied, and had sustained a swollen left eye and abrasions. White and his cellmate were escorted to Lieutenant Durant's office where they were photographed, medically assessed, and then escorted to the Special Housing Unit ("SHU"). White was then charged with fighting.

On September 5, 2023, the Unit Discipline Committee ("UDC") held a hearing, which White attended, during which White denied striking his cellmate. In light of the serious nature of the charge, the UDC referred the incident to the Discipline Hearing Officer ("DHO") and recommended sanctioning White with the loss of good conduct time ("GCT") and a commissary restriction if found guilty. On September 15, 2023, Darrell Huff, the DHO for FCI–Cumberland, held a disciplinary hearing at which White again denied striking his cellmate. DHO Huff nevertheless found White guilty of striking or attempting to strike his cellmate with a closed fist based primarily on Officer Freeman's account, which was corroborated in part by the video because although it did not show White striking his cellmate, it showed him raising his hands. DHO Huff sanctioned White with 21 days in the SHU, the loss of 27 days of GCT, and 120 days of suspension of both phone and commissary privileges. White asserts that he never received a copy of DHO Huff's written decision, but DHO Huff states that he completed his report on December 20, 2023 and that on January 2, 2024, Lieutenant Bolinger delivered a copy of the report to White. According to DHO Huff, White was advised that he had a right to appeal through the Administrative Remedy Program within 20 days of receiving the decision.

Meanwhile, White alleges that he sought to appeal the decision through the Administrative Remedy Program by submitting to SHU staff, on October 7, 2023, a Form BP-10 addressed to the Bureau of Prisons ("BOP") Mid-Atlantic Regional Office ("the BOP Regional Office"), but SHU staff failed to deliver it to the mailroom. Regardless, according to a declaration submitted by Misty Shaw, a paralegal at the BOP Regional Office, White has filed two administrative remedy requests ("ARRs") relating to the August 28, 2023 incident. The first ARR was filed with the BOP Office of the General Counsel ("the BOP Central Office"), but the BOP Central Office rejected it on November 30, 2023 because White had not first filed it with the BOP Regional Office.

On December 15, 2023, White filed the present Petition. After filing the Petition, White filed a second ARR relating to this incident, this time with the BOP Regional Office on January 8, 2024. The deadline for the BOP Regional Office to respond to that ARR was March 8, 2024. By the time that Respondent Crystal Carter, the Warden of FCI–Cumberland, filed an Answer to the Petition on February 16, 2024, the BOP Regional Office had not yet responded to the second ARR.

## DISCUSSION

In the Petition, White claims that he was denied his right to procedural due process under the Fifth Amendment to the United States Constitution when DHO Huff found him guilty and sanctioned him in relation to the August 28, 2023 incident. Specifically, he argues that DHO Huff violated his rights by failing to provide him with written notice of the facts underlying the charge, finding him guilty based only on the fact that he had raised his hands, and failing to provide him with DHO Huff's written report. White requests that the Court vacate and expunge the incident report and restore his lost GCT. In the Motion, White seeks to obtain a copy of the video recording for use at an evidentiary hearing. In the Answer, Respondent argues that the Petition must be dismissed because White failed to exhaust administrative remedies before filing his Petition, and

3

that in any event the Petition fails because the due process claim is without merit. Accordingly, Respondent argues that the Motion for Discovery should be denied.

"Prior to hearing a § 2241 petition, federal courts require exhaustion of alternative remedies, including administrative appeals." *Rodriguez v. Ratledge*, 715 F. App'x 261, 265 (4th Cir. 2017) (citing *Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010)). "The exhaustion requirement is a prudential restraint, not a statutory requirement." *Id.* (citing *Dragenice v. Ridge*, 389 F.3d 92, 98 (4th Cir. 2004)). "Failure to exhaust administrative remedies typically results in dismissal without prejudice, in order to allow the refiling of an action once the administrative process is complete." *Id.*; *see also McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.").

Exhaustion requires that prisoners pursue a claim through all available stages in the administrative process until they receive a final denial of the claim. *See Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming the dismissal of a prisoner's claim for failure to exhaust administrative remedies because the prisoner "never sought intermediate or final administrative review after the prison authority denied relief"); *Gibbs v. Bureau of Prisons*, 986 F. Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust administrative remedies where the plaintiff did not appeal his administrative claim through all four stages of the BOP grievance process); *Chase v. Peay*, 286 F. Supp. 2d 523, 530 (D. Md. 2003).

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10–542.19 (2023), for inmates to resolve complaints related to their confinement. This process consists of the following steps: (1) the inmate is first required to present the issue informally to staff, pursuant to procedures to be established by the Warden of the prison; (2) if the inmate is unable to resolve the issue informally, the inmate must file a written ARR with the Warden within 20 days of the

date of the incident in question; (3) if the Warden's response is unsatisfactory, the inmate must file an appeal to the BOP Regional Director within 20 days of the Warden's response; and (4) if the inmate is still not satisfied, the inmate must file an appeal to the BOP Central Office within 30 days of the date of the BOP Regional Director's response. *Id.* §§ 542.13–542.15. When seeking a review of a DHO decision, such an appeal is directly submitted in the first instance to the BOP Regional Office. *Id.* § 542.14(d)(2).

Here, the record demonstrates that White has not exhausted the administrative remedies available under the Administrative Remedy Program. Although White alleges that his filing of an ARR with the BOP Regional Office was thwarted because the SHU staff failed to mail it, the Court need not resolve any factual dispute on that issue because the failure of any such appeal to reach the BOP Regional Office did not foreclose further administrative review. Rather, there is no dispute that White filed an ARR with the BOP Central Office on November 29, 2023, which it returned to White with the explanation that he had failed to file it first with the BOP Regional Office. Rather than resubmitting it to the BOP Regional Office, which would have led to administrative review at that level, White chose instead to file the instant Petition on December 15, 2023. At that point, he had not yet exhausted review by the BOP Regional Office or the BOP Central Office. Indeed, White was necessarily aware that further administrative review was available because he then filed a second ARR with the BOP Regional Office on January 8, 2024, several weeks after he filed the Petition. As of the filing of the Answer, the BOP Regional Office had not acted on that ARR, and the BOP Central Office had not acted on any appeal of a decision on the ARR by the BOP Regional Office. Thus, White failed to exhaust administrative remedies before filing the Petition.

White's final argument, that he did not receive DHO Huff's report within 15 working days as required by a BOP Program Statement, does not alter this conclusion. Although DHO Huff has acknowledged that the report was not delivered to White until January 2, 2024, White had already filed his two ARRs with the BOP Regional Office, thus demonstrating that he was both aware of DHO Huff's decision and of his ability to file such an appeal. Though the failure to provide the report in a timely manner arguably may be an issue on the merits of White's due process claim, it undermines White's position on the issue of exhaustion, because the fact that the report had not even been completed before White filed the Petition starkly illustrates that he did not exhaust all available administrative remedies. Therefore, the Petition will be dismissed without prejudice, and the Court will not rule on the merits of White's Motion for Leave to Take Discovery, which will denied without prejudice.

## CONCLUSION

For the foregoing reasons, White's Petition for a Writ of Habeas Corpus will be DISMISSED WITHOUT PREJUDICE, and White's Motion for Leave to Take Discovery will be DENIED WITHOUT PREJUDICE. A separate Order shall issue.

Date: July 9, 2024

THEODORE D. CHUANG
United States District Judge